UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SANCHEZ, | Civil Action No. 23-12994 (SDW-JBC) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| BECKY SCOTT, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about September 5, 2023, Plaintiff David Sanchez, a pretrial detainee confined in the Hudson County Department of Corrections & Rehabilitation Center ("HCCR"),[1] filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a), which establishes his financial eligibility to proceed without prepayment of the filing fee, and his IFP application will be granted (ECF No. 1-1).

2. Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v.*

---

[1] Plaintiff has been released from HCCR and provided his new address. (ECF No. 4).

1

*Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

3. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). A plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

2

5. The defendants to the complaint are Sergeant Brown and Officer Saltar, employees of HCCR. Plaintiff listed Becky Scott as a defendant in the caption of the complaint, but he did not mention her in the body of the complaint.

6. Plaintiff alleges the following facts in his complaint:

> I was working for months during this time[.] Officer Saltar continued to find fault with me and my work[.] She would lock me in my [incomplete] antagonize me trying to get me to say something that would get me in trouble[.] When that did not work[,] she made false reports. All reports came back unfounded[,] and I was reinstated back into my job[.] This happen[ed] several times[,] at least five times. When this failed[,] Officer Saltar conspired with Sgt[.] Brown. This led to weeks of back and forth[]. Finally[,] after I returned from the hospital[,] Sgt[.] Brown told me that he is taking my job because of my medical problems[.] When I made a complaint[,] Sgt[.] Brown told me he can do anything [he] want[s] to do[.] He used a lot of charged language[.] I know that my medical problem can't be used in this way.

(ECF No. 1 at 6-7). Plaintiff seeks injunctive relief and damages.

7. Because Plaintiff alleges that Defendants cannot use his medical problem to deprive him of his job assignment, this Court liberally construes the complaint as raising claims against Defendants in their individual and official capacities for (1) conspiracy to discriminate against Plaintiff in violation of the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983 and § 1985; and (2) disability discrimination under the Rehabilitation Act, 29 U.S.C. §794, and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132. *See Durham v. Kelley*, No. 21-3187, 2023 WL 6108591, at *2 (3d Cir. Sept. 19, 2023) (holding state officers can be sued for damages in their official capacities for purposes of the ADA and RA, unless barred by the Eleventh Amendment.)

8. The Third Circuit has explained:

> Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from

> participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." Thus, to state a claim under Title II of the ADA, plaintiffs must demonstrate that: (1) they are qualified individuals; (2) with a disability; and (3) they were excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or were subjected to discrimination by any such entity; (4) by reason of their disability. Where compensatory damages are sought, a plaintiff must also show intentional discrimination under a deliberate indifference standard. The elements of a claim under the RA are the same, except that the plaintiff must also show that the program in question received federal dollars.

*Durham*, 2023 WL 6108591, at *3. Assuming, without finding, that Congress validly abrogated sovereign immunity for Plaintiff's Title II ADA and RA claims,[2] Plaintiff has not alleged sufficient facts to establish that he has a disability. Plaintiff has not alleged the nature of his medical condition or how it limits his life activities. Therefore, he has failed to allege a disability consistent with the definition of the term under the ADA. *See* 28 C.F.R. § 35.108.

9. "States are not required by the Fourteenth Amendment to make special accommodations for the disabled, so long as their actions toward such individuals are rational." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 367 (2001)). Thus, Defendants need only have a rational basis for determining that Plaintiff's medical condition precluded him from performing his job assignment. "[T]o overcome rational basis review," Plaintiff must allege there was no "reasonably conceivable state of facts" that could support Defendants' deprivation of his job assignment based on his medical condition. *ASAH v. New Jersey Dep't of Educ.*, 330 F. Supp. 3d 975, 1010 (D.N.J. 2018) (quoting *State Troopers Non-Commissioned Officers Ass'n of New Jersey v. New Jersey*, 399 F. App'x 752, 755 (3d Cir. 2010) (quoting *Donatelli v. Mitchell*, 2 F.3d 508, 513 (3d Cir. 1993)). Plaintiff has not alleged sufficient facts to state an Equal Protection claim

---

[2] *See U.S. v. Georgia*, 546 U.S. 151, 158-59 (2010) (describing abrogation of sovereign immunity for Title II ADA claims).

under the Fourteenth Amendment. Furthermore, to state a conspiracy claim under 42 U.S.C. § 1985(3) "a plaintiff must allege both that the conspiracy was motivated by discriminatory animus against an identifiable class and that the discrimination against the identifiable class was invidious." *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006). Plaintiff has not alleged facts to establish these elements of a § 1985(3) conspiracy claim.

10. In conclusion, this Court will grant Plaintiff's IFP application and dismiss his complaint without prejudice for failure to state a claim upon which relief may be granted. Consequently, this Court denies Plaintiff's request for appointment of pro bono counsel. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (holding that prior to appointment of pro bono counsel, a district court should determine whether the plaintiff alleged a prima facie case). Plaintiff is granted leave to file an amended complaint if he can allege additional facts that state a claim for relief.

An appropriate order follows.


Dated: October 5, 2023

Hon. Susan D. Wigenton,
United States District Judge